UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CERTUSVIEW TECHNOLOGIES,
LLC,
    Plaintiff,

v.                               Case No.: 2:14cv373

USIC, LLC, USIC LOCATING
SERVICES, LLC, and
Safe Site, Inc.,
    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Dismiss, ECF No. 34, filed on August 15, 2014 by USIC, LLC and USIC Locating Services, LLC ("USIC") and a Motion to Dismiss, ECF No. 36, filed on August 15, 2014 by McIntosh Enterprises, Inc. ("McIntosh," and collectively with USIC, "Defendants"). The parties have fully briefed both motions to dismiss; however, during the pendency of such motions, on September 5, 2014, Certusview Technologies, LLC ("Certusview") amended its complaint. First Am. Compl., ECF No. 45. Both USIC and McIntosh have filed, and the parties have fully briefed, motions to dismiss directed at Certusview's First Amended Complaint. See Mot. to Dismiss, ECF No. 66; Mot. to Dismiss, ECF No. 74. Although Defendants requested oral argument, ECF Nos. 40-41, on their first round of motions to dismiss, after examining the briefs and the record, the Court determines that oral argument

1

is unnecessary to resolve such motions because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. R. 7(J).

The Court of Appeals for the Fourth Circuit has established that, "[a]s a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotation marks and citations omitted); see also 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1476 (3d ed. 2010). However, this Court has recognized an exception to that general rule in certain instances involving a motion to dismiss. Under that exception,

> Defendants are not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court will consider the motion as being addressed to the amended pleading.

Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc., 229 F. Supp. 2d 565, 570 (E.D. Va. 2004) (internal citation omitted) (citing 6 Charles Alan Wright et al., supra, § 1476, at 558 (2d ed. 1990)). Here, the Court recognizes that Defendants contend that the First Amended Complaint also contains defects that they raised in their motions to dismiss

2

Certusview's original Complaint. However, in light of Defendants' decision to fully brief new motions to dismiss targeted directly at Certusview's First Amended Complaint, the Court concludes that Defendants' original motions to dismiss are moot. Furthermore, the Court finds that the resolution of the merits of any allegations regarding deficiencies in Certusview's First Amended Complaint will benefit from the Court considering Defendants' second round of motions to dismiss, rather than the first round of motions to dismiss, because Defendants' second motions contain a more thorough analysis of the operative complaint, Certusview's First Amended Complaint, than Defendants' initial motions to dismiss targeted at Certusview's original Complaint.

Therefore, for the reasons stated above, the Court **DENIES AS MOOT** USIC's Motion to Dismiss, ECF No. 34, and McIntosh's Motion to Dismiss, ECF No. 36.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Mark S. Davis
United States District Judge

Mark S. Davis
United States District Judge

Norfolk, Virginia
December 8, 2014

3